UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 17-80803-WRS
                                                   Chapter 7
JAMES LEE STEWART,

    Debtor

D. L. MOORE,

    Plaintiff                                   Adv. Pro. No. 18-8001-WRS

v.

JAMES LEE STEWART,

    Defendant

## MEMORANDUM DECISION

This case is before the Court on Plaintiff D.L. Moore's Motion for Default Judgment. On March 20, 2018, the Court held a hearing on the motion and counsel for Defendant James Lee Stewart orally motioned for the Court to deny the motion for default judgment and set aside the entry of default pursuant to Fed. R. Civ. P. 55(c). The Court ordered briefs on the issue of whether good cause exists to set aside the entry of default and hear the case on its merits. For the reasons stated below, Plaintiff's Motion for Default Judgment (Doc. 17) will be denied and the Clerk's Entry of Default will be set aside (Doc. 15).

## I. FACTS

On January 2, 2018, Plaintiff D.L. Moore filed an adversary proceeding to determine the dischargeability of the debt owed by James Stewart ("Defendant") pursuant to 11 U.S.C.

-1-

§ 523(a)(2)(A) and 11 U.S.C. § 727(a)(2), (3), (4), and (5). (Doc. 1). The complaint and summons were served on James Stewart and his bankruptcy counsel, Michael Fritz, by regular first-class mail on January 15, 2018. (Doc. 10). At the request of Plaintiff, the Clerk of Court entered default against Defendant on February 23, 2018. (Docs.14, 15).

On February 26, 2018, Plaintiff filed a Motion for Default Judgment and, one day later, Defendant answered the complaint. (Docs. 17, 18). The Court conducted a hearing on the motion for default judgment on March 20, 2018. Not surprisingly, Defendant orally opposed the motion for default judgment and, further, requested this Court set aside the entry of default. The Court subsequently ordered briefs on the issue of whether good cause exists to set aside the entry of default and deny the motion for default judgment. (Doc. 21).

## II. LAW

### A. Jurisdiction

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I). This is not a final order.

### B. Rule 55(c) Standard for Setting Aside Entry of Default

Federal Rule of Civil Procedure 55(c), which is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7055, grants this Court the authority to set aside an entry of default for "good cause," which is a less rigorous standard than the "excusable

neglect" standard for setting aside a default judgment under Rule 60(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014). The "good cause" standard of Rule 55(c) is described by the Eleventh Circuit as a "mutable standard not susceptible to a precise formula, but some general guidelines are commonly applied." *Compania Interamericana v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotations omitted). Some general guidelines considered by the Court include, but are not limited to, the following: (1) whether the default was culpable or willful, (2) whether the opposing party would be prejudiced by setting aside the entry of default, (3) whether the defaulting party has a meritorious defense, and (4) whether the defaulting party acted promptly to correct the default. *Id.* The burden to establish "good cause" falls on the defaulting party. *Id.* In determining whether to set aside an entry of default, the Eleventh Circuit has repeatedly expressed a strong policy in favor of resolving cases on the merits and affording a litigant his day in court. *See, e.g. In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003); *see also, e.g. Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014). Any doubts as to whether an entry of default should be set aside are resolved in favor of the defaulting party. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).

In this case, Plaintiff filed a complaint seeking to have prepetition debts owed by Defendant determined nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 727 (a)(2), (3), (4), and (5). The answer filed by Defendant came four days after the Clerk of Court entered default and one day after Plaintiff's Motion for Default Judgment. (Docs. 15, 17, 18). It is worth noting that the Request for Entry of Default and Entry of Default occurred on February 23, 2018, which was a Friday. Defendant's answer was filed the second business day

thereafter, Tuesday, February, 27, 2018. Looking to Defendant's brief in support of setting aside the entry of default and attached affidavit, it appears that Plaintiff and Defendant were in contact with one another and actively attempting to resolve the underlying issue. (Docs. 22, 23). To explain the default, Defendant suggests that he believed the matter had been resolved with the production of certain documents proving his defense. (Doc. 22). Plaintiff's response brief does not dispute that documents were produced but does not speak to their impact on the underlying matter. (Doc. 23). Ironically, Plaintiff's response brief was filed ten days after the deadline set by the Court (Doc. 21); nevertheless, it was considered in reaching this decision. Taking these facts into consideration, it does not appear that Defendant's default was culpable or willful. Furthermore, setting aside the entry of default will not prejudice Plaintiff.

The Court will set aside the entry of default so the case may be resolved on the merits. In the complaint, Plaintiff alleges that certain debts owed by Defendant should be determined nondischargeable due to Defendant's fraud, but no facts are specifically alleged. While untimely, Defendant's answer and affidavit deny any fraudulent conduct. As the Eleventh Circuit has stated a strong preference for resolving a case on the merits, this Court will deem the answer timely filed and set aside the entry of default.

Lastly, the record suggests that an answer was not timely filed because Defendant mistakenly believed the underlying issue had been resolved after tax returns were produced to Plaintiff. (Doc. 22). The filing of a request for entry of default by Plaintiff, and subsequent motion for default judgment, clear up any doubts as to whether there was a live dispute. Within four days (two business days) of receiving electronic notice of the request for entry of default, Defendant prepared and filed an answer to the complaint. (Doc. 18). Furthermore, Defendant's

oral motion to set aside the entry of default was made before the Court ruled on the motion for default judgment. Therefore, Defendant's swift response to the entry of default supports a finding that he acted promptly to correct the default.

### III. CONCLUSION

Defendant has carried his burden in proving that "good cause" exists to set aside the entry of default pursuant to Rule 55(c). Defendant's brief and supporting affidavit support a finding that the default was not willful, Plaintiff will not be prejudiced by setting aside the entry of default, Defendant has a meritorious defense to Plaintiff's claim, and Defendant promptly acted to correct the default. Therefore, this Court will order the following by way of a separate order: (1) the Entry of Default is set aside (Doc. 15) and (2) Plaintiff's Motion for Default Judgment is denied (Doc. 17).

Done this 6th day of June, 2018.

*/s/ William R.*

United States Bankruptcy Judge

c: Richard E. Flowers, Attorney for Plaintiff
   Michael A. Fritz Sr., Attorney for Defendant

-5-

Case 18-08001    Doc 24    Filed 06/07/18    Entered 06/07/18 10:00:22    Desc Main
                    Document      Page 5 of 5